UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL ACTION |
| VERSUS | * | NO. 17-55 |
| MARK RICHBURG | * | SECTION L |

### ORDER & REASONS

Before the Court is a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed by Mark Richburg. R. Doc. 753. The Government filed an opposition. R. Doc. 762. Mr. Richburg filed a reply to the opposition. R. Doc. 770. On April 25, 2024, the Court held an evidentiary hearing on the matter. R. Doc. 783. Considering the briefing, the applicable law, and evidentiary hearing, the Court rules as follows.

I.     BACKGROUND

On March 18, 2021, Mr. Richburg pled guilty to Count 1 of the Second Superseding Indictment accusing him of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine hydrochloride, 100 grams or more of heroin, and a quantity of cocaine base, in violation of 21 U.S.C. 841(a)(1), (b)(1)(A) - (C), and 21 U.S.C. 846. R. Doc. 435. This Court sentenced Mr. Richburg to a total of 292 months imprisonment and a five-year term of supervised release. R. Doc. 665. On June 1, 2023, Mr. Richburg filed the instant 28 U.S.C. § 2255 Motion. R. Doc. 753.

II.     PRESENT MOTION

In his motion, Mr. Richburg alleges that his attorney at the time Timothy Yazbeck, provided ineffective assistance of counsel by failing to (1) inform him of the consequences that result from entering a guilty plea, (2) explain the terms of his plea agreement, (3) diligently

prosecute his appeal, and (4) respond to his requests to obtain his files after the Fifth Circuit dismissed his appeal. *Id.*

In opposition, the Government first argues that by taking the plea agreement, Mr. Richburg attested that he understood the penalties he would face if he pleaded guilty, which was re-emphasized by the Court at the rearraignment. R. Doc. 762. It stresses that the Court asked Mr. Richburg numerous times whether he understood the gravity of entering a guilty plea and Mr. Richburg never indicated that he objected or did not understand the consequences. It further argues that had Mr. Richburg foregone the plea agreement, he would have been facing a higher mandatory minimum sentence. The Government next argues that Mr. Yazbeck did investigate the law and facts related to Mr. Richburg's case such that he filed numerous objections to the presentence investigation report. Accordingly, it avers that the Court's decision to overrule the objections does not equate to a meritorious claim against Mr. Yazbeck for ineffective assistance of counsel.

In reply, Mr. Richburg argues that his plea is void because he did not enter it voluntarily and knowingly and he would not have entered a guilty plea had he been "competently counseled." R. Doc. 770. He argues that the Government's opposition focuses on the rearraignment and sentencing hearings, however, the crux of Mr. Richburg's claim is that Mr. Yazbeck counseled him to simply agree to the Court's questions during those proceedings. Accordingly, he followed the orders that his attorney, Mr. Yazbeck gave him. Mr. Richburg further argues that he knew he faced a minimum sentence of ten years and a maximum sentence of life imprisonment. But, based on Mr. Yazbeck's estimates, he believed that he was facing a sentence of ten to twelve years because Mr. Yazbeck did not tell him that his likely minimum sentence was 292 months when applying the federal sentencing guidelines to the facts of his case. Thus, he stresses that these discussions should have occurred pre-plea and had they occurred, there is a "reasonable

probability" that he would not have pled guilty. Further, Mr. Richburg indicates that in August 2023, the Louisiana Supreme Court suspended Mr. Yazbeck from the practice of law. *Id.* at 3.

### III.     APPLICABLE LAW

Under 28 U.S.C. § 2255, an incarcerated person may move the court that imposed his sentence to vacate, set aside or correct the sentence. 28 U.S.C. § 2255(a). Section 2255 identifies only four bases on which the motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." *Id.*; *see also United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). A claim of error that is neither constitutional nor jurisdictional is not cognizable in a § 2255 proceeding unless the error constitutes a "fundamental" error that "renders the entire proceeding irregular or invalid." *United States v. Addonizio*, 442 U.S. 178, 186 (1979).

The petitioner bears the burden of establishing his claims of error by a preponderance of the evidence. *United States v. Bondurant*, 689 F.2d 1246, 1251 (5th Cir. 1982). If the Court finds the incarcerated person is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

"[A] claim of ineffective assistance of counsel is properly made in a § 2255 motion because it raises an issue of constitutional magnitude and, as a general rule, cannot be resolved on direct appeal." *United States v. Bass*, 310 F.3d 321, 325 (5th Cir. 2002). To succeed on a claim of ineffective assistance of counsel, a defendant must show: (1) counsel's performance was constitutionally deficient, and (2) prejudice as a result of the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Further, "there is no reason for a court deciding an ineffective assistance

claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697; *see also United States v. Chavez*, 193 F.3d 375, 378 (5th Cir. 1999) ("A failure to establish either deficient performance or resulting prejudice defeats the claim."). For Sixth Amendment purposes, there is no distinction between retained and appointed counsel. *Cuyler v. Sullivan*, 446 U.S. 335, 344-45 (1980).

For the *Strickland* deficiency prong, counsel's performance is deficient only if it "fell below an objective standard of reasonableness." 466 U.S. at 688. Scrutiny of counsel's performance "must be highly deferential" and a fair assessment "requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. Indeed, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance," and a defendant "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* (internal citation omitted). "A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *United States v. Jones*, 287 F.3d 325, 331 (5th Cir. 2002) (quoting *Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir. 1983)).

For the *Strickland* prejudice prong, a defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. For claims of ineffective assistance of counsel relating to sentencing, the defendant "must demonstrate a reasonable probability that, but for his counsel's actions, he would have received a 'significantly less harsh'

sentence." *United States v. Grammas*, 376 F.3d 433, 439 (5th Cir. 2004) (internal citation omitted).

## IV.   ANALYSIS

The Strickland *prejudice* prong guides the Court's analysis. When Mr. Richburg took the stand at the evidentiary hearing, he stressed that he would not have accepted his plea agreement if he was competently counseled by Mr. Yazbeck. He stated that prior to signing the agreement, Mr. Yazbeck told him that he would be facing a sentence between ten to sixteen years. With that understanding, Mr. Richburg testified that he accepted the plea agreement. However, to his surprise on the day of sentencing, Mr. Richburg was sentenced to a term of 292 months. Mr. Richburg further emphasized that he was shocked by the length of his sentence because Mr. Yazbeck failed to ensure he understood that he could receive a sentence greater than sixteen years.

The Court acknowledges that Mr. Richburg may have been disappointed with the sentence that he received and dissatisfied with Mr. Yazbeck's representation, but he was not prejudiced by Mr. Yazbeck's actions. Even assuming arguendo that Mr. Yazbeck made professional errors in his counsel of Mr. Richburg, the Court is unconvinced that the result of the proceedings would have had a different outcome. The Court reaches this conclusion after considering that in addition to Mr. Yazbeck's counsel, the Court reviewed with Mr. Richburg the nature of the charges against him and the possible sentence he faced at his rearraignment. After such review, Mr. Richburg continuously expressed that he understood the Court's explanations and had no further questions. First, the Court explained the minimum and maximum sentence Mr. Richburg could receive:

> THE COURT: If you are convicted of these charges, either upon a plea of guilty or, for that matter, after a trial, the maximum possible sentence that could be imposed upon you is as follows: In Count 1, a mandatory minimum of 10 years imprisonment and a maximum of up to life imprisonment, at least 5 years of supervised release, and a fine of $10 million.
>
> You should know that the least you can get, as I say, is 10 years

> imprisonment, and the most you can get is life. Do you understand that, sir?
> THE DEFENDANT: Yes, sir.

Rearraignment Transcript, R. Doc. 740, 9:12-21. Next, the Court reemphasized that Mr. Richburg was facing a potential sentence of life imprisonment:

> THE COURT: . . . Do you understand the total maximum sentence, sir?
> THE DEFENDANT: Yes, sir.
> THE COURT: Do you understand that it's the minimum of 10 years and maximum of life?
> THE DEFENDANT: Yes, sir.
> THE COURT: Do you understand that I could impose the maximum possible sentence, fine, and charges to which you are seeking to plead guilty; do you know that?
> THE DEFENDANT: Yes, sir.

*Id.* at 10:12-21. Then, the Court discussed the potential effect of the sentencing guidelines on Mr. Richburg's sentence and importantly, this discussion included the effect of his attorney's estimate:

> THE COURT: If the sentencing guidelines applicable to your case have been explained to you by your attorney, you should understand that the sentencing guidelines are advisory. They are not mandatory. I will consider and compute the guidelines as well as other relevant facts in sentencing you.
>
> You should know that I may or may not decide to sentence you within the guidelines. I can decide to impose a sentence that is either greater or lesser than the guidelines if I find that the guidelines do not take into consideration other relevant facts concerning you or the crime to which you are seeking to plead guilty; do you know that sir?
> THE DEFENDANT: Yes, sir.
> THE COURT: All right. If your attorney has given you an estimate of the sentencing range suggested by the guidelines, you should understand that whether or not your attorney's estimate of the sentencing range is accurate actually has no bearing on the effectiveness of your guilty plea. All you can be certain of is that your sentence will not exceed the maximum statutory penalty which I have just previously discussed with you . . . Now, with all that in mind, how do you plead, sir?
> THE DEFENDANT: Guilty, sir.
> THE COURT: Do you have any questions about any of the things

    that I just explained to you?
    THE DEFENDANT: No, sir.

*Id.* at 11:1-12:3. At each stage, Mr. Richburg indicated that he understood the Court's explanations and had no questions. Thus, even if Mr. Yazbeck did not adequately explain that Mr. Richburg could be facing a term greater than sixteen years, the Court is not persuaded that Mr. Richburg did not know or understand that he was facing a sentence between ten years and a life term after its own conversations with Mr. Richburg. The Court further notes that the 292-month sentence that it gave Mr. Richburg was at the bottom of the sentencing guidelines range for the charge against him. Sentencing Transcript, R. Doc. 718, 15:16-25.

  Mr. Richburg's claim also fails because he cannot demonstrate with reasonable probability that he would have received a "significantly less harsh sentence" but for Mr. Yazbeck's actions. *Grammas*, 376 F.3d at 439. By accepting the plea agreement, Mr. Richburg's mandatory minimum sentence was lowered by five years because in exchange for his plea, the Government dropped the firearms charge against him. In other words, had he not accepted the plea agreement, Mr. Richburg actually faced a harsher sentence. Further, in advance of Mr. Richburg's sentencing, Mr. Yazbeck moved the Court asking for Mr. Richburg's sentence to be lower than the sentencing guidelines for several reasons. Sent. Trans., 18:25-19:20. Only after considering these arguments, did the Court fashion the 292-month sentence for Mr. Richburg. *Id.* at 20:12-22:14. Accordingly, the Court remains unconvinced that Mr. Yazbeck's actions prejudiced Mr. Richburg.

  In sum, Mr. Richburg has failed to demonstrate that Mr. Yazbeck's conduct prejudiced him under *Strickland*. Thus, it need not discuss Mr. Yazbeck's actions under the deficiency prong.

  Accordingly, **IT IS HEREBY ORDERED** that Mr. Richburg's 28 U.S.C. § 2255 Motion, R. Doc. 753, is **DENIED**.

  New Orleans, Louisiana, this 10th day of May, 2024.

                  _____
                     United States District Judge